*[523]
 
 JOHNSON, J.
 

 Petitioner appeals from a decision of the Fair Dismissal Appeals Board affirming his dismissal as a teacher by the Banks School District No. 13. He had been employed by the district since 1962, teaching primarily courses in woodworking and drafting. Several years ago petitioner also taught a course in geography. Preregistration for the school year 1976-77 indicated a substantial decrease in enrollment for the woodworking and drafting courses, and as a consequence the district decided to eliminate the courses and petitioner’s position.
 
 [1]
 
 Petitioner was then terminated under ORS 342.865(l)(j) which provides:
 

 "(1) No permanent teacher shall be dismissed except for:
 

 * * * *
 

 "(j) Reduction in permanent teacher staff resulting from the district’s inability to levy a tax sufficient to provide funds to continue its educational program at its anticipated level or resulting from the district’s elimination of classes due to decreased student enrollment or reduction of courses due to administrative decision. School districts shall make every effort to transfer teachers of courses scheduled for discontinuation to other positions for which they are qualified. Merit and seniority shall be considered in determination of a teacher for such transfer.”
 

 Petitioner contends that in order to apply this statutory provision to a permanent teacher, a school district must first consider dismissal of probationary teachers. The District employed six probationary teachers. The statutory scheme makes a distinction between probationary and permanent teachers. ORS 342.835 and 342.845. A school district may refuse to renew the contract of a probationary teacher "for any cause,” ORS 342.835, whereas a permanent teacher
 
 *[524]
 
 can be dismissed only for one of the specific statutory grounds set forth in ORS 342.865. Petitioner argues that in light of this statutory distinction between probationary and permanent teachers, the term "reduction in permanent teacher staff” in subsection (j) should be given some meaning other than reduction in staff generally. Otherwise, a permanent teacher has no greater job security than a probationary teacher. The argument might have merit if the school district were eliminating one of two identical positions, and the choice was between dismissal of a permanent or a probationary teacher. Here, however, the district was eliminating the entire course offering in woodworking and drafting. The legislative intent of ORS 342.865 (l)(j) was to permit school districts to accomplish this objective where there is a decrease in enrollment. In such event permanent teachers’ job security is only that afforded by the second and third sentences of subsection (j). The district must make every effort to transfer such teachers to "other positions for which they are qualified” considering "merit and seniority.” Contrary to petitioner’s suggestion, seniority is not the sole consideration. Inclusion of the term "merit” means that the district can consider the teacher’s overall competence to perform in a position. In making such evaluation, the district may compare the teacher’s competence with others who may have less seniority.
 

 The Board made findings of fact that every reasonable effort was made by the school district to transfer petitioner, but that he was not qualified to teach in any other position within the district. Petitioner contends there was not substantial evidence to support this finding. In particular, he relies on the fact that he held a five-year general secondary teaching certificate with an industrial arts endorsement from the state Teacher Standards and Practices Commission.
 
 See
 
 ORS 342.120 to 342.203. Under state Department of Education rules a teacher with petitioner’s general secondary certificate cannot teach subjects other than
 
 *[525]
 
 those covered by his specific endorsement unless (1) approved by the superintendent of the school district and (2) he has fulfilled certain college training requirements, "norms,” with respect to the particular subjects. There was undisputed evidence that petitioner had not satisfied these norms and thus his only legal qualification was to teach industrial arts pursuant to his endorsement.
 

 Petitioner contends that he was qualified to teach the other industrial arts courses offered by the district. The status of these courses and the Board’s reasoning with respect thereto is unclear from the present record. It is undisputed that the district in 1976 offered industrial arts classes in mechanical subjects such as small engine repair, tune-up theory, auto shop and mechanical arts. The incumbent industrial arts teacher, a permanent teacher with less seniority than petitioner, taught these courses during 1974 and 1975 on a half-time basis. The other half of the incumbent’s time was devoted to teaching social studies. The incumbent has a standard secondary certificate with a social studies endorsement and has college training and experience in the industrial arts courses he teaches. According to the testimony of an official from the Teachers Standards and Practice Commission, the incumbent is not legally qualified to teach industrial arts because he has neither a specific endorsement nor the approval of the Commission to teach such subject.
 
 [2]
 

 See
 
 Administrative Rules, ch 584, §§ 31-000 to 34-042. It is not clear whether the incumbent continued in 1976 to teach these industrial arts courses and social studies on a divided time basis, or whether the school district’s industrial arts offerings are sufficient to justify a full-time position.
 

 Under petitioner’s certificate and endorsement he is legally qualified to teach any industrial arts course
 
 *[526]
 
 at the secondary level. The record indicates that the reason the district refused to consider petitioner to teach the other industrial arts courses was because he had no training or experience in the mechanical subjects offered. His experience and training was limited to woodworking and mechanical arts. This would be a valid "merit” consideration under ORS 342.865(l)(j) if the incumbent teacher was also legally qualified to teach industrial arts. While "merit” as used in ORS 342.865(l)(j) permits factual evaluation of a teacher’s competence to fill a position and a comparison of his competence with other legally qualified teachers who may have less seniority, it does not permit comparison with a teacher who is not legally qualified. ORS 342.505(2) makes it illegal to hire an uncertified teacher. The District cannot under ORS 342.865(l)(j) retain a teacher with factual but not legal qualifications while dismissing a permanent teacher with legal qualifications.
 

 The District implies in its brief that the school district’s remaining curriculum in industrial arts was not sufficient to warrant employment of a full-time teacher, and that the only available position was one which required a teacher to teach both industrial arts and social studies. Under these circumstances the District may have been justified retaining the incumbent and dismissing petitioner. There is nothing in the record to indicate that this was the basis for the Board’s decision. The only evidence to support such a contention was testimony that the incumbent taught industrial arts and social studies during 1974 and 1975, but there is no indication that this pattern was to continue in 1976. There is testimony that the incumbent was to teach several industrial arts courses in 1976, thus implying that the industrial arts cirriculum required a full-time teacher.
 

 The school district had the burden of proving that it had made "every effort to transfer teachers of courses scheduled for discontinuation to other positions for
 
 *[527]
 
 which they are qualified.” OHS 342.865(l)(j).
 
 See
 
 ORS 342.905;
 
 Sch. Dist. No. 48 v. Fair Dis. App. Bd.,
 
 14 Or App 634, 514 P2d 1114 (1973). The District failed to meet that burden.
 

 Reversed and remanded for an order consistent with this opinion.
 

 [1]
 

 Banks School District is a small district with a total high school enrollment of 360 students. There are 19 full-time teachers. The high school has an English department, a social studies department and a business department. Other areas of curriculum are essentially one-teacher departments.
 

 [2]
 

 Petitioner’s general certificate is a "grandfather certificate” and is governed by different rules than those which apply to the incumbent’s certificate.