Argued and submitted May 8, affirmed October 26, 1981

SHANDY,
*Petitioner,*
*v.*
PORTLAND SCHOOL DISTRICT No. 1 et al,
*Respondents.*

(No. FD 79-15, CA 19661)

634 P2d 1377

Jennifer Friesen, Eugene, argued the cause for petitioner. With her on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

Graham M. Hicks, Portland, argued the cause and filed the brief for respondent School District No. 1.

Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Fair Dismissal Appeals Board.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Petitioner appeals from an order of the Fair Dismissal Appeals Board (FDAB) which affirmed the decision of the district school board reducing his employment to half-time and half-pay under ORS 342.865(1)(j).

Petitioner is a permanent teaching employe of respondent Portland School District No. 1 (District). He has taught electricity and electronics courses at Grant High School since 1969. At the beginning of the 1978-79 school year, the electronics program at Grant was reduced to a half-time program and half of petitioner's classes were eliminated due to declining enrollment in the courses.[1] Petitioner was assigned one half-time to Grant and one half-time as a substitute employe. At the beginning of the 1979-80 school year, petitioner was given notice by the district superintendent that he intended to recommend that petitioner be reduced to half-time.

The district school board accepted the superintendent's recommendation and reduced petitioner's teaching status to half-time, effective December, 1979. In November, 1979, a half-time position opened at Grant for which petitioner applied. However, the position, entitled "Instructional Materials Coordinator," was a "classified" position not requiring a teaching certificate. The District decided to make the job a full-time classified position, rather than fill it with a certified teacher. Therefore, petitioner was not appointed to that position. Petitioner appealed to the FDAB, which affirmed the school board's decision.[2]

ORS 342.865(1)(j) provides:

"* * * School districts shall make every effort to transfer teachers of courses scheduled for discontinuation to other positions for which they are qualified. Merit and seniority shall be considered in determination of a teacher for such transfer."

---

[1] The administrative decision to reduce the electronics program at Grant is not challenged on appeal.

[2] The FDAB reached the decision after it granted the District's motion for reconsideration of its original order in which it found that every effort had not been made to transfer petitioner apparently because the District failed to appoint him to the Instructional Materials Coordinator position.

Petitioner alleges that the District did not comply with the statute by making every effort to transfer him to a full-time position.

The District presented evidence at the hearing before FDAB to show that it had satisfied the "every effort" requirement. According to the District, when the program at Grant was first reduced, efforts were made to find a feasible temporary split between Grant and other nearby schools, but such arrangements were not possible. The District claims it then decided to keep petitioner as a half-time substitute employe in the expectation that the program might be restored full-time. When it became apparent that that would not happen, a district personnel specialist surveyed the District's other electronics courses to determine whether petitioner could be transferred to one of those positions. The only other programs were at Vocational Village and Benson High School. There were no vacancies at either of these schools, and a position could be found for petitioner only by "bumping" a teacher already assigned to one of these schools. There was only one teacher at Vocational Village. He was required to teach automotive courses as well as electronics. Petitioner was not qualified to teach auto mechanics and was not considered for that position. As to the courses at Benson, the District presented testimony of administrators familiar with both the Benson and Grant programs that the Benson program was much more sophisticated than the one at Grant and required greater in-depth knowledge. The district explained that juniors and seniors at Benson major in specific areas and, accordingly, their vocational program requires teachers who are more specialized than is usual in other schools. Based on the requirements of the Benson program, the District found that petitioner was either not qualified or that a more qualified teacher was already teaching each course.

The relevant portions of the FDAB's order may be summarized as follows: During the 1978-79 school year petitioner's course load was reduced, and a temporary arrangement was made whereby petitioner taught electronics half-time and was unassigned half-time with no reduction in salary. He was asked to work half-time at a

nearby school, but because of scheduling conflicts that was impossible. Petitioner is certified to teach vocational electronics at the 11th and 12th grade levels. There are two schools in the district with approved electronics programs: Vocational Village and Benson. The District compared the programs and the work history, qualifications and seniority of the teachers. Petitioner was qualified to teach some courses at Benson; however, those courses were being taught by teachers who, though junior to petitioner, were more qualified. Petitioner was qualified to fill the half-time position of "Instructional Materials Coordinator" which was vacant at Grant. He applied for this position, but the District later decided to make it a full-time classified position. That was not done for any reason amounting to bad faith. The District made good faith and reasonable efforts to transfer petitioner to a position for which he was qualified.[3]

On appeal petitioner maintains that the FDAB's order is not supported by substantial evidence. He argues that there is no evidence that the District ever seriously considered him for a position at Benson.[4] We find that there was substantial evidence to support the FDAB's findings.

■ Petitioner also asserts that by making certain transfers within Benson, a position could have been created for him. The FDAB found the evidence on this to be

---

[3] Petitioner contends that the FDAB's findings are insufficient and inadequate because they merely recite the evidence of the District's opinion and do not address the merit of Benson teachers with more seniority than petitioner. These are meritless allegations. The FDAB specifically adopted the District's evidence, and the merit of senior teachers was not discussed because petitioner was found not be to qualified to teach those courses taught by senior teachers.

[4] Petitioner makes the following allegations in order to show that there was not substantial evidence to support the FDAB's order: (1) the documents comparing petitioner and incumbent Benson teachers were prepared after-the-fact; (2) no efforts were made to transfer him until the beginning of the 1979-80 school year; (3) he was not placed on the 1978-79 unassigned teachers' list; (4) he was not informed of a vacancy which occurred at Benson. We find that petitioner's first two allegations are not supported by the record, despite the suggestion in the dissent to the order that the documents were prepared after the District's decision had been made. The last two, while apparently true do not show a lack of effort on the part of the District, since the only electronics courses were at Benson and the personnel office at Benson had been informed of his availability, it was unnecessary to put him on the unassigned list, and the vacancy which occurred was in a 10th grade course which petitioner was not certified to teach.

inconclusive. In any event, the Fair Dismissal Law does not require that action in this case. If essentially identical programs were involved, the statute might require the transfer of another teacher to make room for a displaced teacher. *Cooper v. Fair Dismissal Appeals Board,* 31 Or App 521, 570 P2d 1005 (1977). However, the courses at Benson were not identical, but were different from and more advanced than those taught by petitioner at Grant. Sinclair, a Benson High School teacher, with less seniority than petitioner, was required to teach Industrial Arts, as well as Vocational Electronics. Craig, also a teacher at Benson, and senior to petitioner, was teaching junior Vocational Electronics. Petitioner suggests that Craig could have been transferred to Sinclair's position and that as a result of Craig's having bumped Sinclair, he could have been given Craig's position. But as noted, Sinclair was also required to teach Industrial Arts, as well as Vocational Electronics, and Craig was unqualified to teach Industrial Arts. In addition, although petitioner testified that he could teach Craig's course in junior Vocational Electronics, it was uncontested that Craig's course required instruction in digital circuits, which petitioner conceded he could teach only if he undertook additional courses of study.

We conclude that the Fair Dismissal Appeals Law does not require a school district to shuffle teachers about to create a vacancy which petitioner here could potentially fill only after further upgrading his own qualifications. A requirement that the district "shall make every effort to transfer teachers of courses scheduled for discontinuation to other positions for which they are qualified" refers to present qualification, not possible future qualification.

■ Petitioner next contends that the FDAB incorrectly interpreted and applied the provisions of ORS 342.865(1)(j). He raises several arguments in support of this contention.

First, petitioner claims that the FDAB placed the burden of proof on him rather than on the District. He cites the following paragraph of the order as proof:

"The panel concludes that based upon its findings heretofore made that it has not been established that the School District failed to make a good faith and reasonable

> effort to transfer [petitioner] to a position for which he is qualified."

The use of the expression "it has not been established" in this paragraph is an unfortunate use of language;[5] however, reading the order in its entirety, it is clear to us that the burden of proof was properly placed on the District.

Petitioner also claims that the FDAB substituted a different standard for the "every effort" standard stated in the statute. Relying on the paragraph of the order cited above, he argues that the FDAB applied a good faith standard. The record shows, however, that rather than substituting "good faith" for "every effort," FDAB merely considered good faith as a factor, after it was raised by petitioner, to determine whether the District had in fact made the statutorily required efforts to transfer petitioner.

Petitioner also argues that the FDAB applied a "minimum effort" standard, citing the following section of the order:

> "The district's efforts to transfer Mr. Shandy to a position for which he is qualified, while meeting the minimum effort required, do subject the school administration to criticism. The manner in which this matter was handled, though not amounting to a violation of the law, does demonstrate, in the opinion of the panel, extremely poor personnel practice."

As we read the order, the FDAB used the term "minimum effort" to indicate only that the District's efforts were just sufficient to satisfy the statutory requirement, not to hold that only a minimum effort was required.

■ Petitioner's last argument on this issue is that the FDAB misinterpreted the statutory requirement of "every effort" to mean "every reasonable effort." Petitioner urges that the statute was intended to mean that every possible effort, rather than every reasonable effort, was required. We disagree with petitioner because we find "reasonableness," though not express in the statute, is inherent in the standard. To require the District to take any action

---

[5] The source of this language is undoubtedly the original order in which the FDAB wrote that it had not been established that the District had made every effort to transfer petitioner.

possible, however unreasonable, to transfer a displaced teacher would be nonsensical. The FDAB's interpretation and application of ORS 342.865(1)(j) was correct.

■      Finally, petitioner challenges the FDAB's determination that the District was not obliged to appoint him to a classified, non-teaching position. Petitioner contends that he should have been appointed to a half-time classified position as "Instructional Materials Coordinator" which was vacant. Petitioner overlooks that this position had been changed to a full-time position. The FDAB found, and its finding is supported by the evidence, that the change was not made to avoid assigning petitioner to the job. Petitioner could not have carried out his half-time teaching assignment and a full-time classified assignment. In any event, we conclude that ORS 342.865(1)(j) does not require that a displaced teacher be transferred to a classified position. The Fair Dismissal Law defines "teacher" as " * * * any person who holds a teacher's certificate as provided in ORS 342.125 or who is otherwise authorized to teach in public schools of this state and who is employed halftime or more as an instructor or administrator." ORS 342.815(7). Classified personnel are not required to hold teaching certificates, and, therefore, the use of the term "any position for which they are qualified" used in ORS 342.865(1)(j) must mean positions requiring a teaching certificate. To interpret the statute in the manner urged by petitioner would allow the District to assign a displaced teacher to a janitor's job, because he or she was qualified to sweep floors or to a filing clerk position because he or she knew the alphabet and could file papers. The FDAB was correct when it stated that the District need not transfer a teacher to a classified non-teaching position in order to satisfy its obligation to make every effort to transfer teachers to other positions for which they are qualified.

        Affirmed.